

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2212
    Tel: 650.843.4000
4   Fax: 650.843.4001

5   Attorney for Defendant
    ARAMARK REFRESHMENT SERVICES, LLC
6   (successor-in-interest to ARAMARK           **E-filing**
    REFRESHMENT SERVICES, INC.)
7

8                    UNITED STATES DISTRICT COURT              **_EDL_**

9                 NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  JEFF KEELING,                    Case No **07        2762**

12                Plaintiff,
                                      **NOTICE OF REMOVAL OF ACTION**
13           vs.
                                      **28 U.S.C. § 1441(b) (DIVERSITY)**
14  ARAMARK REFRESHMENT
    SERVICES INC., a Delaware
15  Corporation and DOES 1-10,

16                Defendants.

17

18  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
    DISTRICT OF CALIFORNIA:
19

20       PLEASE TAKE NOTICE THAT Defendant ARAMARK REFRESHMENT SERVICES,

21  LLC (successor-in-interest to ARAMARK REFRESHMENT SERVICES, INC.) (herein referred

22  to as "Defendant") submits this Notice of Removal and, pursuant to 28 U.S.C. section 1441,

23  hereby removes to this Court the state action described below:

24       1.      On or about April 3, 2007, an action was commenced in the Superior Court of the

25  State of California in and for the County of Alameda, entitled Jeff Keeling v. ARAMARK

26  REFRESHMENT SERVICES, INC., a Delaware Corporation, and DOES 1-10, Superior Court

27  Case No. HG 07-318695, alleging disability discrimination in violation of Government Code

28  § 12940 and discrimination in violation of Government Code § 12945.2, the Family Medical

1  Leave Act. A true and correct copy of the Complaint is attached hereto as **Exhibit A.**

2     2.     The Complaint and Summons were served on Defendant by process server on

3  April 27, 2007. A true and correct copy of the Service of Process and the Summons are attached

4  hereto as **Exhibit B.**

5     3.     On May 24, 2007, Defendant filed an Answer to Plaintiff's Complaint in the

6  Superior Court of California, County of Alameda. A true and correct copy of Defendant's

7  Answer is attached hereto as **Exhibit C.**

8     4.     This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that it

9  is filed within thirty (30) days from April 27, 2007, the date upon which the Complaint and

10  Summons were served on Defendant. No previous Notice of Removal has been filed or made

11  with this court for the relief sought herein.

12     5.     Pursuant to 28 U.S.C. § 1441(b), any civil action over which the district courts of

13  the United States have original jurisdiction may be removed from state to federal court.

14     6.     This Court has original jurisdiction under 28 U.S.C. § 1332(a) due to diversity of

15  citizenship and amount in controversy:

16     (a)    Complete diversity between the parties exists. Plaintiff, at the time this action was

17  commenced, was and still is a citizen of the State of California. Both ARAMARK Refreshment

18  Services, Inc., the named Defendant, and its successor-in-interest, ARAMARK Refreshment

19  Services, LLC, were and still are corporations incorporated under the laws of the State of

20  Delaware, with their principal places of business in the State of Pennsylvania. They were not and

21  are not incorporated under the laws of the State of California, wherein this action was brought.

22     (b)    The inclusion of "Doe" defendants in Plaintiff's state court complaint have no

23  effect on removability. Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir. 1998);

24  28 U.S.C. § 1441(a) (stating that for purposes of removal, the citizenship of defendants sued

25  under fictitious names shall be disregarded). In determining whether diversity of citizenship

26  exists, only the named defendants are considered. Id.

27     (c)    Defendant is informed and believes that the amount in controversy exceeds the

28  sum or value of $75,000, exclusive of interests and costs. Plaintiff alleges in his Complaint that

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3644361.2

2

NOTICE OF REMOVAL

1    he was General Manager of Defendant and that he was discriminated against based on his

2    disability and medical condition and his decision to exercise his right to medical leave, and that as

3    a result, his employment was terminated. Plaintiff seeks to recover several categories of damages

4    including lost wages, earnings, retirement benefits and other employee benefits, damages for

5    mental pain and anguish and emotional distress, exemplary and punitive damages, and costs and

6    attorney's fees. Were Plaintiff to prevail in this action, the amount of these damages could

7    exceed $75,000.

8        7.    The Complaint, Summons, Case Management Statement, Alternative Dispute

9    Resolution General Information, and Answer attached to this Notice constitute all the process,

10    pleadings and orders filed in this action in Alameda County Superior Court and of which

11    Defendant has knowledge to date.

12        8.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a), because this

13    district embraces the county in which the removed action has been pending.

14        9.    Defendant will promptly serve Plaintiff with this Notice of Removal and will

15    promptly file a copy of this Notice of Removal with the clerk of the state court in which the

16    action is pending, as required under 28 U.S.C. § 1446(d).

17        WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

18    in 28 U.S.C. § 1446, Defendant prays that the above-captioned action in the Superior Court of the

19    State of California in and for the County of Alameda be removed therefrom to this Court.

20    Dated: May 25, 2007                    MORGAN, LEWIS & BOCKIUS LLP

21

22                                By Melinda Riechert by Supreme by

23                                    Melinda S. Riechert
                                    Attorney for Defendants
24                                    ARAMARK REFRESHMENT
                                    SERVICES, LLC (successor-in-interest to
25                                    ARAMARK REFRESHMENT
                                    SERVICES, INC.)

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-PA/3644361.2                                                        NOTICE OF REMOVAL
                                        3

**EXHIBIT  A**

Gerald A. Emanuel (SBN 61049)
Amy Carlson (SBN 213294)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

**ENDORSED**
**FILED**
ALAMEDA COUNTY

Attorneys for Plaintiff
JEFF KEELING

APR  3 2007

CLERK OF THE SUPERIOR COURT
By ——————— S. McMullen

SUPERIOR COURT OF CALIFORNIA

ALAMEDA COUNTY

| | |
|---|---|
| JEFF KEELING,<br><br>      Plaintiff,<br><br>vs.<br><br>ARAMARK REFRESHMENT SERVICES,<br>INC. a Delaware Corporation, and<br>DOES 1-10<br><br>      Defendants. | No.   **H G 0 7 3 1 8 6 9 5**<br><br>**COMPLAINT FOR DAMAGES FOR**<br>**1. DISABILITY DISCRIMINATION**<br>**2. FMLA DISCRIMINATION**<br>**AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff JEFF KEELING and complains against Defendants

and each of them, and for causes of action alleges:

### GENERAL ALLEGATIONS

### ALLEGING JURISDICTION AND VENUE

1. Plaintiff is informed and believes and thereupon alleges that at all

pertinent times mentioned in this complaint, Defendant ARAMARK

REFRESHMENT SERVICES, INC., (hereinafter referred to as "ARS") was a

1

1    Delaware corporation, qualified to do business in the State of California and

2    doing business in the County of Alameda.

3         2. The acts alleged herein occurred in the County of Alameda, State of

4    California.

5         3. Plaintiff is ignorant of the true names and capacities of the

6    Defendants sued herein under the fictitious names DOES 1 through 50,

7    Inclusive. Plaintiff will seek leave to amend this Complaint to allege their true

8    names and capacities when ascertained. Plaintiff is informed and believes and

9    herein alleges that each of the Doe Defendants was responsible in some

10   manner for the occurrences and injuries alleged in this Complaint.

11        4. At all times herein mentioned and unless otherwise stated, each

12   Defendant was a managing agent of Defendants and each of them was the

13   agent and/or employee of each and every co-Defendant, and in the performing

14   the things, acts or omissions, hereinafter more fully alleged, was acting within

15   the scope, course and authority of said agency and/or employment.

16        5. Each Defendant herein ratified, authorized, knew about or should

17   have known about, and/or condoned the acts of each and every other

18   Defendant.

19

20

21

22

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6. Plaintiff worked for Defendants in Fremont, California for 12 years. Upon his termination in October 2006, Plaintiff was General Manager of Aramark Refreshment Services.

7. Plaintiff performed his job duties in a satisfactory manner. At the time of his last review in December 2005, Plaintiff received a satisfactory review.

8. On or about March 31, 2006, Plaintiff became severely ill at work and was taken to Stanford Hospital where he was diagnosed with Pancreatitis.

9. Plaintiff filed for family medical leave under FMLA and was granted the time off to deal with his illness.

10. In late April 2006, Plaintiff was released from the hospital and remained at home until July 31, 2006.

11. Plaintiff received many well wishing phone calls from co-workers, however by late May, Plaintiff began receiving phone calls from Sharonda White, Human Resources Director, asking when Plaintiff would be back to work.

12. Plaintiff asked his doctor when he would be able to return to work and Plaintiff's doctor informed him that the best-case scenario would be July 31, 2006. Plaintiff phoned Ms. White and informed her of this date.

3

1        13.    The next day Ms. White called to inform Plaintiff that if he

2    did not return by the end of June, he would not have a position to return to.

3        14.    Again, Plaintiff returned to his doctor requesting a date

4    sooner than July 31, 2006, when he could return to work. The doctor told him

5    that there were no sooner dates. Again, Plaintiff passed this information to Ms.

6    White who authorized this time off and informed Plaintiff that ARS would honor

7    the rest of his time off.

8        15.    At no time during the rest of his time off did anyone inform

9    Plaintiff that he would be terminated because of his time off to deal with a life

10    threatening illness.

11        16.    Plaintiff in fact returned to work on July 31, 2006, where his

12    direct supervisor from Denver greeted him, Gavin Lay.

13        17.    In his absence, Bill Joering, Plaintiff's counterpart in San

14    Diego had come up to help out in Plaintiff's absence. In fact, Mr. Joering had

15    been brought up to the Bay Area to replace Plaintiff.

16        18.    Plaintiff was told that while he was out on medical leave

17    managers had stated quite clearly that even if Plaintiff did come back, it would

18    only be for a few months and then he would be let go.

19        19.    Plaintiff confronted Mr. Lay and Ms. White about these

20    comments, however they denied them.

21

22

4

1    20.    On September 12, 2006, Plaintiff was given a performance

2    improvement plan (PIP) which Plaintiff could readily see was the last step in

3    getting rid of him.

4    21.    This PIP referred to the performance of Plaintiff's market

5    center for 2006, when Plaintiff had not been there for four months of that year

6    and this document had been written just one month after his return to the

7    center. The document did not take into account Mr. Joering who had been in

8    Plaintiff's place while Plaintiff was on medical leave.

9    22.    October 2, 2006, the Regional Vice President from Irvine,

10   Dan Begin came to Plaintiff's center and made the comment that he expected

11   Plaintiff to get everything completed quickly and there was no time for

12   mistakes.

13   23.    During the week of October 3, 2006, Plaintiff had another

14   meeting with his supervisors to discuss the progress of the PIP and Plaintiff

15   requested help in one area that had been a problem from day one.  In

16   response, Mr. Begin stated that it was Plaintiff's problem.

17   24.    On October 12, 2006, Plaintiff was fired with only the

18   explanation that "it is not working."

19   25.    On March 12, 2007, Plaintiff requested and received a right

20   to sue notice from the Department of Fair Employment and Housing against

21

22

1  Aramark Refreshment Services, Inc. and Dan Begin, Regional Vice President.

2  Plaintiff has exhausted all of his administrative remedies.

3  ### FIRST CAUSE OF ACTION

4  ### [Disability Discrimination]

5  ### (Violation of Gov. Code § 12940)

6      As a first, separate and distinct cause of action, Plaintiff complains

7  against all Defendants and DOES 1-50, Inclusive, and each of them, and for a

8  cause of action alleges:

9      26.    Plaintiff hereby incorporates by reference Paragraphs 1

10  through 25 of the Complaint as if fully set forth herein.

11      27.    Government Code § 12940, et seq. prohibits an employer

12  from discriminating against any employee because of that employee's physical

13  disability or medical condition. Defendants and each of them discriminated

14  against Plaintiff because of his physical disability and medical condition after

15  he informed management of his condition. Defendants, and each of them,

16  failed to provide Plaintiff with reasonable accommodation when they

17  terminated his employment due to his disability. Defendants, and each of

18  them, discriminated against Plaintiff by committing the things, acts, and

19  commissions herein alleged.

20      28.    Similarly situated employees who did not suffer from a

21  physical disability and/or medical condition were not treated in the disparate

22

6

1  manner in which Plaintiff was treated.  In discriminating against Plaintiff on

2  account of his physical disability and medical condition, Defendants and each

3  of them have violated Government Code § 12940(a).

4      29.    Plaintiff is informed and believes and thereupon alleges that

5  the fictitious Defendants named as DOES 1 through 50, Inclusive, aided,

6  abetted, incited, compelled, coerced or conspired to commit one or more of the

7  acts alleged herein.

8      30.    As a direct and proximate result of the conduct of these

9  Defendants and each of them, Plaintiff has suffered emotional anguish and

10  distress, loss of income and benefits and other special and general damages all

11  in an amount to be proven at trial.

12      31.    In doing the things herein alleged, the conduct of

13  Defendants, and each of them, is despicable and Defendants, and each of

14  them, acted towards Plaintiff with malice, oppression, fraud, and with a willful

15  and conscious disregard of Plaintiff's rights.  Each of the Defendants ratified,

16  authorized and condoned the conduct of each and every other Defendant and

17  managing agent, entitling Plaintiff to an award of punitive and exemplary

18  damages pursuant to California Civil Code § 3294 and Government Code §

19  12940.

20      32.    Pursuant to Government Code §12965(b), Plaintiff requests

21  the award of attorney's fees against Defendants, and each of them.

22

7

## SECOND CAUSE OF ACTION

### [Violation of Gov. Code § 12945.2(l)(1)]

As a first, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them, and for a cause of action alleges:

33.    Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34.    Government Code §12945.2 allows an employee who has 12 months of employment with an employer and over 1,250 hours worked during those 12 months to take leave because of the employee's own serious illness. Section 12945.2(l)(1) also makes it an unlawful employment practice for an employer to discharge or discriminate against an employee because of the employee's exercise of the right to family care and medical leave.

35.    Defendants, and each of them, violated the Act when he was immediately placed on a performance plan for issues that came up while he was on medical leave and then when they terminated him. In discriminating against Plaintiff, these Defendants, and each of them, have violated Government Code §12945.2(l)(1).

36.    As a direct and proximate result of the conduct of these Defendants, and each of them, Plaintiff has suffered emotional anguish and

8

1 | distress, loss of income and benefits, and other special and general damages,
2 | all in an amount to be proven at trial.

3 |      37.     In doing the things herein alleged, the conduct of these
4 | Defendants, and each of them, was despicable and these Defendants, and each
5 | of them, acted towards Plaintiff with malice, oppression, fraud, and with a
6 | willful and conscious disregard of Plaintiff's rights. Each of these Defendants
7 | ratified, authorized and condoned the conduct of each and every other
8 | Defendant and managing agent, entitling Plaintiff to an award of punitive and
9 | exemplary damages pursuant to California Civil Code §3294 and Government
10 | Code §12940.

11 |      38.     Pursuant to Government Code §12965(b), Plaintiff requests
12 | the award of attorney's fees against these Defendants, and each of them.

13 | **PRAYER**

14 |      WHEREFORE, Plaintiff prays for judgment against Defendants, and
15 | each of them, as follows:

16 |      1.     For a money judgment representing compensatory damages
17 | including lost wages, earnings, retirement benefits and other employee
18 | benefits, and all other sums of money, together with interest on these
19 | amounts, according to proof;

20 |      2.     For a money judgment for mental pain and anguish and emotional
21 | distress, according to proof;

22 |

9

1    3.    For an award of exemplary and punitive damages, according to proof;

2    4.    For costs of suit and attorney's fees;

3    5.    For pre-judgment and post-judgment interest; and

4    6.    For such other and further relief as the court deems just and

5    proper.

6                         **DEMAND FOR JURY TRIAL**

7    Plaintiff hereby demands a jury trial on all of the issues.

8
9    Dated: 3/23 , 20057        HINKLE, JACHIMOWICZ, POINTER & EMANUEL
10
11                                   _____
                                     AMY CARLSON
                                     Attorney for Plaintiff
12                                   JEFF KEELING
13
14
15
16
17
18
19
20
21
22
                                     10

                            COMPLAINT FOR DAMAGES

**EXHIBIT  B**

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
ARAMARK REFRESHMENT SERVICES, INC., a Delaware
Corporation, and DOES 1-10

**ENDORSED**
**FILED**
ALAMEDA COUNTY

APR 3 2007

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFF KEELING

CLERK OF THE SUPERIOR COURT

By _____
S. McMullen

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>39439 Paseo Padre Parkway<br>Fremont, CA 94358 | CASE NUMBER:<br>*(Número del Caso):* G 07318695 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gerald A. Emanuel/Amy Carlson (Bar # SBN 61049/213294)      Phone No. (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL              Fax No. (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128

| DATE: APR 0 3 2007 | Clerk, by | S. McMullen | , Deputy |
|---|---|---|---|
| *(Fecha)* PAT S. SWEETEN | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Aramark Refreshment Services. Inc.,
   A Delaware Corporation

   under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

*LexisNexis® Automated California Judicial Council Forms*

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/27/2007
Log Number 512174114

TO:     Noni Boddie, Office Manager
        ARAMARK Corporation
        1101 Market Street, ARAMARK Tower
        Philadelphia, PA, 19107-2988

RE:     **Process Served in California**

FOR:    ARAMARK Refreshment Services, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Jeff Keeling, Pltf. vs. Aramark Refreshment Services, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Case Management Statement Form, Complaint, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Alameda County, Fremont, Superior Court, CA<br>Case # HG07318695 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - On the basis of disability and FMLA |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/27/2007 at 13:50 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Amy Carlson<br>Hinkle, Jachimowicz, Pointer & Emanuel<br>2007 West Hedding Street<br>Suite 100<br>San Jose, CA, 95128<br>408-246-5500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790727400232 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Dianne Christman |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA, 90017 |
| **TELEPHONE:** | 213-337-4615 |

MAY 1 2007

Page 1 of 1 / NF

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of the package only, not of its contents.

| Attorney or Party without Attorney:<br>ALBIE B. JACHIMOWICZ, ESQ., #104549<br>HINKLE, JACHIMOWICZ, POINTER & EMANUEL<br>2007 W. HEDDING ST.<br>SAN JOSE, CA 95128<br><br>Telephone No: 408-246-5500<br><br>Attorney for: Plaintiff | | | | \*5418714\* |
|---|---|---|---|---|
| | | Ref. No. or File No.:<br>65600 | | FILED<br>ALAMEDA COUNTY<br><br>MAY 9 2007 |
| Insert name of Court, and Judicial District and Branch Court:<br>ALAMEDA COUNTY SUPERIOR COURT | | | | CLERK OF THE SUPERIOR COURT<br>By ⁓ mauu |
| Plaintiff: JEFF KEELING | | | | Deputy |
| Defendant: ARAMARK REFRESHMENT SERVICES, INC., ET AL | | | | |

| PROOF OF SERVICE<br>S&C | Hearing Date: | Time: | Dept/Div: | Case Number:<br>HG07318695 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; BLANK CASE MANAGEMENT STATEMENT; ADR INFO.

*3. a. Party served:*               ARAMARK REFRESHMENT SERVICES, INC., A DELAWARE
                                        CORPORATION

   *b. Person served:*          JESSICA CHAVEZ-PROCESS CLERK-AUTHORIZED TO ACCEPT

*4. Address where the party was served:*     CT CORPORATION
                                          818 WEST 7TH STREET
                                          LOS ANGELES, CA 90017

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
      process for the party (1) on: Fri., Apr. 27, 2007 (2) at: 1:30PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   *on behalf of:* ARAMARK REFRESHMENT SERVICES, INC., A DELAWARE CORPORATION
   Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. GARY HANSEN C.C.P.S.            d. *The Fee for Service was:* j$72.50
   b. **COUNTY PROCESS SERVICE**      e. I am: (3) registered California process server
      31 EAST JULIAN STREET             *(i)* Owner
      SAN JOSE, CA 95112               *(ii) Registration No.:*   2988
   c. 408 297-6160                      *(iii) County:*       Los Angeles
                                  *(iv) Expiration Date:*   Fri, Sep. 12, 2008

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Tue, May. 01, 2007

Judicial Council Form POS-010
Rule 982.9.(a)&(b) Rev January 1, 2007          **PROOF OF SERVICE**
                                 **S&C**            **(GARY HANSEN C.C.P.S.)**    cps.11606

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

   STREET ADDRESS:

   MAILING ADDRESS:

   CITY AND ZIP CODE:

   BRANCH NAME:

   PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one):  ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

---

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
       (1) ☐ have not been served *(specify names and explain why not):*

       (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

       (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4 Description of case
   a. Type of case in  ☐ complaint    ☐ cross-complaint     *(describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2005] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rule 212 *LexisNexis® Automated California Judicial Council* |
|---|---|---|

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐  days *(specify number):*
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in (check all that apply):
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (specify exemption):

11. Settlement conference
   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. Insurance
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. Jurisdiction
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other (specify):
   Status:

14. Related cases, consolidation, and coordination
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by (name party):

15. Bifurcation
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. Other motions
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

Previous case management orders in this case are *(check one):*     ☐ none     ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____         _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

▶

_____         _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.



## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider In Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediati1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lir/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check: The California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees: The State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

## DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940   fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377   fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100   fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351   fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd FL, Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Plaintiff

vs.

Case No.: _____

**STIPULATION FOR ALTERNATIVE
DISPUTE RESOLUTION (ADR)**

Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____

**ORDER**

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____

Dated: _____

_____
JUDGE OF THE SUPERIOR COURT

(SEAL)

CLAIMS ADMINISTRATION SYSTEM   DD - DISPLAY DIARIES FOR CLAIM        ADMN1119
ACCOUNT 00041 SRS/ARAMARK                                05/09/07 BATCH 8230

CLAIM: 330 / 009093      /              ACCIDENT DATE: 10/12/06
    DUE DATE ACT  NARR  SRC ADJ DESCRIPTION
    05/07/07  N   ZCLT  C  8230 SRS-CLIENT CONTACT
WI CURRENT MGR OF REFRESHMENT SVCS SAN FRANCISCO OCS, BILL JOERING, 510-344-4960
. HE RETURNED MY CALL.
BILL WAS MGR OF SAN DIEGO OCS IN 2006. CTR WAS RUNNING SMOOTHLY. HE WAS CALLED
AND TOLD SF MGR KEELING HAD TAKEN MED LEAVE AND REGIONAL VP ASKE  HIM TO TRAVEL
THERE A FEW DAYS A MONTH TO MONITOR THINGS UNTIL JEFF CAME BACK. BILL KNEW JEFF
KEELING FROM MGMT MEETINGS AND TRAINING MTGS THEY HAD BOTH ATTENDED OVER SEVERA
L YEARS, BUT NOT MORE THAN THAT.
BILL WENT TO SAN FRANCISCO FOR THE FIRST TIME ON APRIL 24-25, 2006. HE DISCOVERE
D THE OFFICE WAS MOVING TO FREMONT. HE SPENT PART OF HIS TIME IN MEETINGS WITH
MANAGERS AND RESOLVING CUSTOMER ISSUES, AND THE USUAL PROBLMS THAT MANAGERS RESO
LVE, BUT HE BECAME INVOLVED IN ISSUES WITH THE MOVE, SOME OF WHICH DIDN'T RESOLV
E UNTIL APRIL 2007. (CONTRACTOR CHANGED COMPANIES AND SOME SUBCONTRACTORS WOULD
NT WORK WITH THE NEW COMPANY, EVENTUALLY CHANGED CONTRACTORS AND BLDG OWNER DIDN
T APPROVE, ETC.
HE WAS BACK IN SF ON MAY 22-24, JUNE 6-7, JULY 11-13. WHEN HE CAME UP ON AUG 30

   NEXT? CN D  FOR CLAIM NUMBER    /           /   (XN,XX,XM,XA,EN)
CN-CONT, PR-PREV, TP-TOP, BT-BOTTOM

CLAIMS ADMINISTRATION SYSTEM    DD - DISPLAY DIARIES FOR CLAIM           ADMN1119
ACCOUNT 00041 SRS/ARAMARK                                     05/09/07 BATCH 8230

CLAIM: 330 / 009093      /                  ACCIDENT DATE: 10/12/06
    DUE DATE ACT  NARR  SRC ADJ DESCRIPTION

-31, JEFF KEELING WAS BACK FROM HIS MED LEAVE. BILL AND JEFF HAD A MGRS MTG IN T
HE MORNING, REVIEWED THE STATUS OF THE MOVE BETWEEN, AND THEN THEY BOTH MET WITH
VP GAVIN LAY (THEIR BOSS OUT OF DENVER), HR REP SHERONDA WHITE AND DAN BEGIN,
REGIONAL VP OUT OF IRVINE. BILL WAS THERE TO FILL JEFF IN ON THE PROGRESS ON VAR
IOUS PROBLEMS HE HAD ASSISTED WITH, NEW PROBLEMS AND THE STATUS OF THE MOVE. IT
SEEMED TO HIM THAT THE PURPOSE OF THE MEETING WAS TO BRING JEFF CURRENT AND BIL
L NOTICED NOTHING THAT INDICATED TO HIM THAT JEFF WAS IN TROUBLE OR THE OTHERS I
NTENDED TO REPLACE HIM. BILL EMPHATICALLY DENIES THAT HE HAD BEN BROUGHT UP TO R
EPLACE JEFF. BILL WAS BEING CONSIDERED FOR PROMOTION TO A LARGER CENTER. HE HAD
TRIED FOR HOUSTON BUT HOUSTON WENT TO A MORE EXPERIENCED MGR. HE WAS ACTIVELY I
NTERVIEWING FOR FT LAUDERDALE OVER THE SUMMER. HE WAS OFFERED FT LAUDERDALE BUT
TURNED IT DOWN FOR PERSONAL REASONS. HE WAS FIRST TOLD JEFF WAS "LEAVING" ON
OCTOBER 23 OR 24TH BY GAVIN, AND ASKED IF HE WOULD BE INTERESTED. HE SAID YES AN
D THINGS HAPPENED VERY QUICKLY. OCTOBER 31 WAS HIS 1ST DAY AS MGR. HE WAS STILL
RUNNING SAND IEGO UNTIL HIS REPLACEMENT CAME IN MID-NOVEMBER. HE WAS NOT PART O

    NEXT? CN D  FOR CLAIM NUMBER    /            /    (XN,XX,XM,XA,EN)
CN-CONT, PR-PREV, TP-TOP, BT-BOTTOM

CLAIMS ADMINISTRATION SYSTEM    DD - DISPLAY DIARIES FOR CLAIM        ADMN1119
ACCOUNT 00041 SRS/ARAMARK                                    05/09/07 BATCH 8230

CLAIM: 330 / 009093       /                   ACCIDENT DATE: 10/12/06
    DUE DATE ACT  NARR  SRC ADJ DESCRIPTION
F THE TERMINATION PROCESS AT ALL. HE HAS HEARD THINGS AND HE HAS SEEN SOME PARTS
OF KEELINGS PFILE, BUT HE REALLY DOESN'T KNOW EXACTLY WHY JEFF WAS TERMINATED O
R WHAT LED TO THE LAW SUIT. HE WILL GET THE PFILE AND HIS COPY OF THE ADMIN FIL
E COPIED AND READY TO SEND TO D/C AS SOON AS WE IDENTIFY ONE.
12:36:20 05/07/2007 8230

**EXHIBIT C**

Case 3:07-cv-02762-EDL    Document 1    Filed 05/25/2007    Page 32 of 37
05/25/07 09:07AM  ONELE85:  :-AS MORGAN LEWIS & BOCKI 41  21001 Pg 3/4

MAY-25-2007 FRI 01:26 AM                    FAX NO.                    P. 02

1 | MELINDA S. RIECHERT, State Bar No. 65504
MORGAN, LEWIS & BOCKIUS LLP
2 | 2 Palo Alto Square
3000 El Camino Real, Suite 700
3 | Palo Alto, CA 94306-2212
Tel: 650.843.4000
4 | Fax: 650.843.4001

5 | Attorney for Defendants
ARAMARK REFRESHMENT SERVICES, LLC
6 | (incorrectly sued as "ARAMARK REFRESHMENT
SERVICES, INC.")
7

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 4 2007

CLERK OF THE SUPERIOR COURT
By KMEL DHILLON Deputy

8 |                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                               COUNTY OF ALAMEDA

10

11 | JEFF KEELING,                          Case No. HG 07-318695

12 |                     Plaintiff,
                                          DEFENDANT'S ANSWER TO
13 |           vs.                          PLAINTIFF'S UNVERIFIED
                                          COMPLAINT
14 | ARAMARK REFRESHMENT
SERVICES, INC., a Delaware
15 | Corporation and DOES 1-10,

16 |                     Defendants.                BY FAX

17

18

19 |         Defendant ARAMARK Refreshment Services, LLC (incorrectly sued as "ARAMARK

20 | Refreshment Services, Inc.")("Defendant"), hereby answers the unverified Complaint of Plaintiff

21 | Jeff Keeling ("Plaintiff") as follows:

22 |         Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies generally

23 | each and every material allegation contained in Plaintiff's unverified Complaint, and each and

24 | every cause of action contained therein, and further denies that Plaintiff has been damaged in any

25 | sum whatsoever or that he has been damaged by any act or omission of Defendant, his agents,

26 | representatives, and/or employees.

27 |         WHEREFORE, Defendant asserts the following affirmative defenses and prays for

28 | judgment as set forth below:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7553721.2                                          Case No. HG 07-318695

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

10684434.tif - 5/24/2007 1:29:52 PM

1

## FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Claim)

3        Defendant alleges that Plaintiff has failed to state facts sufficient to constitute a cause of

4    action.

5

## SECOND AFFIRMATIVE DEFENSE

6

### (Failure to Mitigate Damages)

7        Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the

8    Complaint, which allegations are denied, then Plaintiff may not recover for such damages to the

9    extent that Plaintiff has failed to properly mitigate those damages.

10

## THIRD AFFIRMATIVE DEFENSE

11

### (Constitutional Limit on Punitive Damages)

12        Defendant alleges that Plaintiff's claim for punitive damages is barred by the Contract

13    Clause (Article I, Section 10, Clause 1), the Due Process Clause (Fourteenth Amendment, Section

14    1), and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution, and

15    the corresponding provisions of the State of California.

16

## FOURTH AFFIRMATIVE DEFENSE

17

### (Waiver and Estoppel)

18        Defendant alleges that Plaintiff has waived and is estopped from asserting, in whole or in

19    part, any causes of action upon which he seeks relief.

20

## FIFTH AFFIRMATIVE DEFENSE

21

### (Unclean Hands)

22        Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

23

## SIXTH AFFIRMATIVE DEFENSE

24

### (Privilege/Justification)

25        Defendant alleges that its conduct was a just and proper exercise of managerial discretion,

26    undertaken for fair and honest reasons, comporting with good faith under the circumstances then

27    existing, and was privileged and justified.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7553721.2                                    2                            Case No. CGC 07-461881

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SEVENTH AFFIRMATIVE DEFENSE

2

### (Workers' Compensation Exclusive Remedy)

3    Defendant alleges that if Plaintiff sustained injury and/or emotional distress by reason of

4    the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for

5    such damages is governed by the California Workers' Compensation Act statutes. Cal. Labor

6    Code §§ 3200, *et seq*.

7

## EIGHTH AFFIRMATIVE DEFENSE

8

### (Failure to Exhaust Administrative Remedies)

9    Defendant alleges that the Plaintiff's claims are barred in whole or in part to the extent

10    they exceed the scope of the charge filed by Plaintiff with the California Department of Fair

11    Employment and Housing.

12

## NINTH AFFIRMATIVE DEFENSE

13

### (Avoidable Consequences)

14    Defendant alleges that it exercised reasonable care to prevent and correct promptly any

15    discriminatory conduct, that Plaintiff unreasonably failed to take advantage of the preventative

16    and corrective opportunities provided by Defendant, or otherwise to avoid harm, and that

17    reasonable use of Defendant's internal procedures and remedies would have prevented some, if

18    not all, of Plaintiff's claimed damages from occurring.

19

## TENTH AFFIRMATIVE DEFENSE

20

### (Mixed Motive)

21    Defendant alleges that to the extent that unlawful reasons were motivating factors as to

22    any action by Defendant alleged in the Complaint, which Defendant denies, legitimate, non-

23    discriminatory, non-retaliatory reasons, standing alone, would have induced Defendant to make

24    the same employment decisions.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26

### (Absence of Malice)

27    Defendant alleges that at all times and places alleged in the Complaint, Defendant acted

28    without malice and with a good faith belief in the propriety of their conduct.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7553721.2                                     3                        Case No. CGC 07-461881

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1     **TWELFTH AFFIRMATIVE DEFENSE**

2     **(After-Acquired Evidence)**

3     Defendant alleges, to the extent during the course of this litigation Defendant acquires any

4     evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms

5     and conditions of Plaintiff's employment or would have resulted in Plaintiff either being

6     demoted, disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or

7     damages, or shall reduce such claims as provided by law.

8     **THIRTEENTH AFFIRMATIVE DEFENSE**

9     **(Prevention of Discriminatory Behavior)**

10     Defendant alleges that Plaintiff's claims are barred, in whole or in part, because at all

11     times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any

12     alleged discriminatory or harassing behavior.

13     **FOURTEENTH AFFIRMATIVE DEFENSE**

14     **(Business Necessity)**

15     Defendant alleges that Plaintiff's claims are barred because Defendant's actions about

16     which Plaintiff complains were job-related and consistent with business necessity.

17     **FIFTEENTH AFFIRMATIVE DEFENSE**

18     **(Undue Hardship)**

19     Defendant alleges that, to the extent Plaintiff sought and/or was otherwise eligible for an

20     accommodation, said accommodation would have caused an undue hardship on Defendant

21     ARAMARK.

22     WHEREFORE, Defendant prays for the following:

23     1.  That Plaintiff take nothing in this action;

24     2.  That judgment be entered in favor of Defendant and against Plaintiff;

25     3.  That attorneys fees be awarded to Defendant;

26     4.  That costs of suit be awarded to Defendant; and

27     5.  For such other and further relief in favor of Defendant as the Court deems just and

28     proper.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7553721.2                                   4                          Case No. CGC 07-461881

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1    Dated: May 24, 2007                          MORGAN, LEWIS & BOCKIUS LLP

2

3                                                 By *Melinda S. Riechert*
                                                  Melinda S. Riechert       by JUV
4

5                                                 Attorney for Defendants
                                                  ARAMARK REFRESHMENT SERVICES,
                                                  LLC (incorrectly sued as "ARAMARK
6                                                 REFRESHMENT SERVICES, INC.")

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP        1-SF/7553721.2                         5                      Case No. CGC 07-461881
ATTORNEYS AT LAW
  PALO ALTO
                              DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

**PROOF OF SERVICE**

2    I am a resident of the State of California and over the age of eighteen years, and not a
party to the within action; my business address is One Market, Spear Street Tower, San
3    Francisco, CA 94105-1126. On May 24, 2007, I served the within documents:

4    **DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

5    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

6

☒    by placing the document(s) listed above in a sealed envelope with postage thereon
7    fully prepaid, in the United States mail at San Francisco, California addressed as
set forth below.

8

☐    by placing the document(s) listed above in a sealed Federal Express envelope and
9    affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal
Express agent for delivery.

10

☐    by having a process server personally deliver the document(s) listed above.
11

12    Gerald A. Emanuel                              Attorneys for Plaintiff
Amy Carlson
13    Hinkle, Jachimowicz, Pointer & Emanuel
2007 West Hedding Street, Suite 100
14    San Jose, CA 95128

15    I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
16    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
17    meter date is more than one day after date of deposit for mailing in affidavit.

18    Executed on May 24, 2007, at San Francisco, California.

19    I declare under penalty of perjury, under the laws of the State of California and the United
States of America, that the foregoing is true and correct.
20

21

22                                                          Ronn R. Uchihara

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7553721.2                          6                    Case No. CGC 07-461881

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT