1  MELINDA S. RIECHERT, State Bar No. 65504
   SUZANNE BOAG, State Bar No. 250441
2  MORGAN, LEWIS & BOCKIUS LLP
   2 Palo Alto Square
3  3000 El Camino Real, Suite 700
   Palo Alto, CA 94306-2212
4  Tel: 650.843.4000
   Fax: 650.843.4001
5
   Attorneys for Defendants
6  ARAMARK REFRESHMENT SERVICES LLC
   (Successor-in-Interest to ARAMARK REFRESHMENT
7  SERVICES, INC.)

8  GERALD A. EMANUEL, State Bar No. 61049
   AMY CARLSON, State Bar No. 213294
9  HINKLE, JACHIMOWICZ, POINTER & EMANUEL
   2007 West Hedding Street, Suite 100
10 San Jose, CA 95128
   Tel: 408.246.5500
11 Fax: 408.246.1051

12 Attorneys for Plaintiff
   JEFF KEELING
13
14                UNITED STATES DISTRICT COURT
15               NORTHERN DISTRICT OF CALIFORNIA
16                   SAN FRANCISCO DIVISION

17 JEFF KEELING,                      | Case No. C-07-2762 EDL
18              Plaintiff,            | JOINT CASE MANAGEMENT
19       vs.                          | STATEMENT AND RULE 26(f) REPORT
20 ARAMARK REFRESHMENT SERVICES       | CMC Date: August 28, 2007
   INC., a Delaware Corporation and DOES | Room:     Courtroom E
21 1-10,                              | Time:     10:00 a.m.
                                      | Judge:    Elizabeth D. LaPorte
22              Defendants.           |
                                      | Date of Filing:
23
24
25
26
27
28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
   PALO ALTO
                 1-SF/7586320.1                    JOINT CASE MANAGEMENT STATEMENT
                                                        AND RULE 26(f) REPORT
                                                        CASE NO. C-07-2762 EDL

The parties, Plaintiff Jeff Keeling ("Plaintiff") and Defendant ARAMARK Refreshment Services, LLC ("ARAMARK" or "Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the case management conference scheduled for August 28, 2007 at 10:00 a.m., in Courtroom E before the Honorable Elizabeth D. LaPorte.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over all of Plaintiff's claims. The Court has jurisdiction over Plaintiff's discrimination claims based on diversity and amount in controversy pursuant to 28 U.S.C. § 1332 (a). All parties have been served and are subject to the Court's jurisdiction.

## II. FACTS

### A. A Brief Description Of The Events Underlying The Action

This action arises out of Plaintiff's former employment with Defendant ARAMARK. On October 12, 2006, ARAMARK terminated Plaintiff's employment. Plaintiff filed this action on April 3, 2007 in the Alameda County Superior Court alleging that he had been discriminated against by ARAMARK because of his physical disability and medical condition and because of Plaintiff's exercise of his right to family care and medical leave. On May 25, 2007, Defendant removed this action to this Court.

#### 1. Plaintiff's Description Of The Case

Plaintiff was terminated for having a disability and exercising his rights under FMLA.

#### 2. Defendant's Description Of The Case

Defendant terminated Plaintiff's employment for legitimate, non-discriminatory reasons.

## III. LEGAL ISSUES

1. Whether Defendant discriminated against Plaintiff based on disability in violation of FEHA.

2. Whether Defendant terminated Plaintiff's employment because of a physical

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7586320.1                              1                    JOINT CASE MANAGEMENT STATEMENT
                                                                 AND RULE 26(F) REPORT
                                                                 CASE NO. C-07-2762 EDL

disability or medical condition in violation of FEHA.

3. Whether Defendant denied Plaintiff reasonable accommodation for a disability in violation of FEHA.

4. Whether Defendant discriminated against Plaintiff based on Plaintiff's exercise of his right to take family and medical leave in violation of FEHA.

5. Whether Defendant terminated Plaintiff's employment because of his exercise of his right to take family and medical leave in violation of FEHA.

6. The amount of Plaintiff's damages, if any.

7. Whether Plaintiff mitigated his damages.

## IV. MOTIONS

### A. Plaintiff's Anticipated Motions

Plaintiff does not anticipate filing any motions.

### B. Defendant's Anticipated Motions

Defendant anticipates filing a motion for summary judgment.

## V. ALTERNATIVE DISPUTE RESOLUTION

All parties are willing to submit this case to Early Neutral Evaluation. To this end, on August 7, 2007, the parties filed a Stipulation selecting ENE. On August 9, 2007, the Court issued an order in response to the Stipulation. Per the terms of the Stipulation and Order, the parties will attend ENE by November 7, 2007.

## VI. AMENDMENT OF PLEADINGS

There are no anticipated amendments to the pleadings.

## VII. EVIDENCE PRESERVATION

### A. Plaintiff's Actions

Plaintiff has preserved all evidence in his possession and control and will continue to retain such evidence.

### B. Defendants' Actions

Defendants have identified individuals likely to possess evidence reasonably relevant to the issues of this action and have distributed a directive to these individuals to retain such

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7586320.1                          2                    JOINT CASE MANAGEMENT STATEMENT
                                                             AND RULE 26(F) REPORT
                                                             CASE NO. C-07-2762 EDL

evidence.

## VIII. DISCLOSURES

Both parties agree to make the requisite initial disclosures under Federal Rule of Civil Procedure 26 on or before August 28, 2007.

## IX. DISCOVERY

### A. Plaintiff's Discovery

Plaintiff will take the depositions of Gavin Ley and Dan Begin prior to Early Neutral Evaluation and will propound written discovery, including document requests and interrogatories.

### B. Defendant's Discovery

Defendant anticipates taking Plaintiff's deposition prior to Early Neutral Evaluation, and will propound written discovery, including document requests and interrogatories. Defendant may subpoena Plaintiff's medical records.

### C. Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

1. **Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

The parties have agreed to reserve expert disclosures until after the hearing on Defendant's anticipated motion for summary judgment. The parties have agreed that the last day to hear dispositive motions will be 120 days before trial. The parties have also agreed to make initial disclosures at the Case Management Conference on August 28, 2007. The parties do not propose any other changes in form or requirements for disclosures under Rule 26(a).

2. **Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties have agreed to take all depositions before Early Neutral Evaluation. The parties have further agreed that all other non-expert testimony will be completed 180-days before trial. The parties have agreed to reserve expert discovery until after hearing on Defendant's motion for summary judgment. The parties see no reason to limit/focus discovery on particular issues.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7586320.1    3    JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
CASE NO. C-07-2762 EDL

      3.      **Rule 26(f)(3): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

      4.      **Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues relating to claims of privilege or of protection as trial-material. They agree to address any such issues in the event they arise.

      5.      **Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

The parties do not require any changes to the limitation on discovery proposed by the Federal or Local Rules, other than the aforementioned agreements between the parties.

      6.      **Rule 26(f)(6) Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not request any other orders that should be entered by the Court under Rule 26(c), Rule 16(b), or Rule 16(c).

## X. CLASS ACTIONS

This case is not a class action.

## XI. RELATED CASES

There are no related cases.

## XII. RELIEF

### A. Plaintiff's Position

Plaintiff is entitled to lost wages, future wages, emotional distress damages, punitive damages and attorneys fees in an amount to be determined at trial.

### B. Defendant's Position

Defendant denies that Plaintiff is entitled to recover damages. If the Court finds otherwise, such amount should be less the amounts (1) Plaintiff has received or could reasonably have received in compensation following the termination of Plaintiff's employment (2) Plaintiff

Morgan, Lewis & Bockius LLP
Attorneys At Law
Palo Alto

1-SF/7586320.1                                    4                    JOINT CASE MANAGEMENT STATEMENT
                                                                       AND RULE 26(F) REPORT
                                                                       CASE NO. C-07-2762 EDL

received through state disability insurance or workers' compensation benefits, and (3) resulting from settlement of the grievance regarding her termination.

## XIII. SETTLEMENT

At this time, it is too early for the parties to engage in settlement discussions.

## XIV. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

This case is assigned to a United States Magistrate Judge.

## XV. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

## XVI. NARROWING OF ISSUES

At this time, there are no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

## XVII. EXPEDITED SCHEDULE

The parties take the position that this is not the type of case that can be handled on an expedited bases with streamlined procedures.

## XVIII. SCHEDULING

The parties agree to the following proposed schedule:

(a) Non-expert discovery to be completed 180 days before trial.

(b) Dispositive motions to be heard 120 days before trial.

(c) Expert discovery to be completed 60 days after dispositive motions heard/60 days before trial.

(d) Pretrial conference to be held 30 days before trial.

(e) Trial to be held in July 2008.

## XIX. TRIAL

Plaintiff has requested a jury trial. The parties estimate a 5-day trial. They propose scheduling the trial in July 2008.

## XX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

A. Plaintiff's Disclosure

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7586320.1                          5               JOINT CASE MANAGEMENT STATEMENT
                                                        AND RULE 26(F) REPORT
                                                        CASE NO. C-07-2762 EDL

Plaintiff will file a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

**B.    Defendant's Disclosure**

Defendants have filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-16. The Certification specified that the following persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities are known to have a financial interest in the subject matter in controversy or in a party to the proceeding, or to have an interest that could be substantially affected by the outcome of the above-captioned lawsuit:

ARAMARK Corporation

ARAMARK Services, Inc.

## XXI. OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7586320.1

6

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
CASE NO. C-07-2762 EDL

1 | Dated: August 21, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Melinda S. Riechert

Attorneys for Defendant
ARAMARK REFRESHMENT SERVICES LLC
(Successor-in-Interest to ARAMARK
REFRESHMENT SERVICES, INC.)

Dated: August 21, 2007

HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By _____
Gerald A. Emanuel
Amy Carlson

Attorneys for Plaintiff
JEFF KEELING

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

1-SF/7586320.1

7

JOINT CASE MANAGEMENT STATEMENT
AND RULE 26(F) REPORT
CASE NO. C-07-2762 EDL